J-S28001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HOLLIANN SMILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER SMILEY | : | No. 126 WDA 2023 |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 12035 of 2009 C.A.

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: October 2, 2023**

Holliann Smiley ("Mother") appeals from the December 28, 2022 order awarding Christopher Smiley ("Father") primary physical custody of Parents' two minor sons (born in 2006, and 2008) (collectively, "Children"). We affirm.

Parents have been involved in extensive custody proceedings regarding Children since 2009. In September 2012, the trial court entered an order awarding the parents shared legal custody and awarding Mother primary physical custody, with Father exercising physical custody every other weekend and one weeknight each week. A guardian *ad litem* ("G.A.L.") was appointed around December 2017. Despite a few petitions for contempt and petitions for modification, the 2012 custody order remained in effect until January 2022.

---

[*] Former Justice specially assigned to the Superior Court.

On January 4, 2022, Father filed a *pro se* emergency petition for special relief, in which he requested temporary physical and legal custody of Children, along with a psychological evaluation for Mother, asserting Children were afraid to go back to their mother. As Father had counsel of record, the trial court responded that it could not entertain the *pro se* petition. A few days later, Mother filed a petition for special relief and return of minors. In the petition, Mother alleged Father had kept Children since Christmas, despite Mother having primary physical custody.

The trial court held a hearing on January 12, 2022. The record does not reveal what transpired during the hearing, but following the hearing the trial court entered an interim order, wherein it ordered Parents to share physical custody on a day on/day off basis. The interim order also directed Mother to participate in counseling with children.

A week later, Father filed a petition for modification of the custody order, in which he sought primary physical custody and shared legal custody of Children.

On January 26, 2022, Mother filed a petition seeking to hold Father in civil contempt of court, again asserting that Father refused to return Children after Christmas day in violation of the 2012 custody order.

Thereafter, in March 2022, a custody conciliation conference was held, which was unsuccessful. Similarly, settlement negotiations at a June 2022

pretrial conference were unsuccessful. Following the conference, the court modified physical custody to reflect a custody schedule on a 4-3-3-4 basis.

In September 2022, Mother's prior counsel filed a petition to withdraw, which was granted the same day. Shortly thereafter, Mother's current counsel entered his appearance in this matter. The court then ordered that the custody trial be expedited to begin on September 26, 2022.

On that date, testimony was heard from Father and one of Children. Mother, the G.A.L., and the other child were also present. At the end of the hearing, the court recessed in order to continue the trial another day. After a few continuances, the trial was scheduled to continue on December 12, 2022.

Just prior to the start of the trial on December 12, 2022, the G.A.L. filed her report and recommendations. On the second day of trial, Father testified on his own behalf, followed by testimony from Father's fiancé and the other child.

Father then called the G.A.L. as a witness. **See** N.T., 12/12/22 at 17. Mother immediately objected on the basis that the G.A.L. was not listed as a witness in Father's pretrial statement. **See id**. at 17-18. Notably, a review of the record shows that the G.A.L. was not listed anywhere in Father's pretrial statement, either as a witness or under the exhibits portion. **See** Father's Pretrial Statement, 7/12/22. Mother further objected on the basis that she had only received the G.A.L.'s report that same morning and therefore she did not have an opportunity to challenge the report. **See** N.T., 12/12/22, at 18.

The trial court overruled the objection and allowed the G.A.L. to testify, stating the G.A.L. had participated in hearings in this matter in the past. The court noted that many of these hearings had occurred prior to Mother's current counsel entering his appearance. However, the court indicated the G.A.L.'s involvement with the case must have been included in the case notes given to current counsel. Following the G.A.L.'s testimony, Mother testified on her own behalf.

Following the custody hearing, the trial court entered an opinion and order, in which it addressed all of the required custody factors and ordered that Mother and Father continue sharing legal custody, but directed that Father have primary physical custody and Mother have partial physical custody. Mother filed this timely appeal.

Mother raises the following issues for our consideration:

1. The court abused its discretion and committed an error of law by changing the existing custody order on January 12, 2022 to a shared physical custody arrangement without a petition for modification or a request pursuant to a motion for special relief and without determination of custody factors.

2. The court abused its discretion in awarding [] primary physical custody to [Father] as the Court found factors favoring [F]ather that are not supported by the record.

3. The court [erred] in allowing the [G.A.L.] to testify as to the [G.A.L.] report filed on December 12, 2022.

Appellant's Brief at 9.

Our standard of review in this matter is deferential:

Our standard of review over a custody order is for a gross abuse of discretion. Such an abuse of discretion will only be found if the trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record.

In reviewing a custody order, we must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the trial court who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Rogowski v. Kirven*, 291 A.3d 50, 60-61 (Pa. Super. 2023) (brackets, internal citations and quotations omitted).

As with all custody-related matters, this Court's "paramount concern is the best interest of the child involved." *Id*. at 61 (brackets, internal citation and quotation omitted). As such, Pennsylvania law provides that the trial court is only empowered to change an existing custody order if the modification will "serve the best interest of the child." 23 Pa.C.S.A. § 5338(a).

To that end, the Child Custody Act sets forth sixteen factors at 23 Pa.C.S.A. § 5328(a) that a court must consider prior to modifying an existing custody order. *See E.B. v. D.B.*, 209 A.3d 451, 460 (Pa. Super. 2019). While a court's consideration of these factors is mandatory, "[i]t is within the trial court's purview as the finder of fact to determine which factors are most

salient and critical in each particular case." *Id*. (internal citation omitted). In order to evidence its consideration of these required elements, trial courts must set forth a discussion of these best-interest factors "prior to the deadline by which a litigant must file a notice of appeal." *A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

Here, the trial court provided a timely and complete assessment of the Section 5328(a) factors in its custody opinion and order. *See* Trial Court Opinion and Order, 12/28/2022. The trial court determined that the factors at Section 5328(a)(2), (3), (4), (5), (6), (11), (12), (14), and (15) were neutral and favored neither party. Meanwhile, the trial court concluded that the factors at Section 5328(a)(1), (7), (8), (9), (10), and (13) favored Father. Finally, the trial court did not recognize any other relevant factors pertaining to either party with respect to Section 5328(a)(16).

Mother's first issue relates to the trial court's modification of the physical custody schedule in the interim order entered on January 12, 2022, wherein the trial court changed Mother's physical custody from primary to shared. Mother argues the trial court erred by making custody modifications that were not directly requested by either Mother or Father, and without consideration of the custody factors. *See* Mother's Brief, at 16.

Preliminarily, we consider whether the interim order was mooted by the entry of the final order entered following trial. "[W]e may *sua sponte* raise the issue of mootness, as we generally 'cannot decide moot or abstract questions,

nor can we enter a judgment or decree to which effect cannot be given.'" ***E.B. v. D.B.***, 209 A.3d 451, 461 (Pa. Super. 2019) (citation omitted).

Here, the January 12, 2022 interim order was entered in response to a hearing held on Mother's petition for special relief and return of minors. The interim order was later modified to reflect a shared custody schedule on a 4-3-3-4 basis. The final custody order then expressly superseded all prior orders, which included both interim orders.

Since the interim order is no longer in effect, Mother's issue regarding the interim order would appear moot. ***See E.B. v. D.B.***, 209 A.3d at 461. However, we acknowledge that the interim custody order at issue altered the existing custody arrangement. Specifically, prior to the interim order, Mother had "primary physical custody" and Father had "partial physical custody". After the interim order, Parents had "partial shared custody". Accordingly, when the trial court issued the interim order, the court changed the award of custody. The record does not reveal what transpired during the January 12, 2022 hearing, and no reasons for the change were provided in the interim order. Without knowing what, if any, reasons were provided at the hearing, and without such explanation in the interim order, we cannot say whether the order violated Mother's rights. However, even if we agreed with Mother, we cannot grant relief.

This Court has previously addressed a trial court's special relief power to enter orders on an interim basis in custody matters.

The Child Custody Act grants trial courts authority to enter into orders on an interim basis, providing that the court 'may issue an interim award of custody to a party who has standing ... in the manner prescribed by the Pennsylvania Rules of Civil Procedure governing special relief in custody matters.' In relevant part, the rule governing special relief provides that '[a]t any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief. The relief may include, but is not limited to, the award of temporary legal or physical custody[.]' The official comment explains that the rule is intended to be a 'broad provision empowering the court to provide special relief where appropriate.'

*Id*. at 463 (citations omitted). However, we noted that due process is still required even when exercising special relief power. *See id*.

In *E.B.*, we concluded the trial court erred when it changed the parties' custody arrangement from primary-partial physical custody to shared custody pending a final custody hearing. Although the court had authority to act *sua sponte* under Pa.R.C.P. 1915.13 ("Special Relief"), the court there violated the father's right to due process because (1) the parties had no notice or meaningful opportunity to be heard, (2) there was no emergency or urgent need to preserve the well-being of the child, and (3) the parties' custody arrangement was already subject to a formal order, so there was no need for an interim order to commemorate the *status quo. However, we explained that although the trial court erred, no relief could be provided:*

[T]he relief that [the appellant-father] seeks is impossible to achieve. [The appellant-father] asks us to vacate the interim order, effectively re-setting the clock back to [two years prior]. This is tantamount to "unringing the bell" and rewinding the past two years of the child's life as if they never happened.

*Id*. at 466-67 (citation omitted).

Again, in the instant case, we are unable to tell from the record why the trial court decided to change the custody schedule with the January 12, 2022 interim order. Even in its opinion, the trial court merely states the decision was made as a result of "extensive discussion in chambers with Counsel and the GAL earlier that day". Trial Court Opinion, 2/2/2023, at 5. This is not enough information to determine whether the interim order was a proper use of the court's special relief powers or whether the interim order violated Mother's due process. Nevertheless, even if a violation occurred, we would be unable to grant Mother relief. This Court simply cannot "unring the bell" or rewind time. As such, Mother's first issue is moot.[1]

In her second issue, Mother argues the trial court abused its discretion in awarding primary physical custody to Father. Specifically, Mother argues the trial court found custody factors favoring Father that are not supported by the record. We disagree.

Here, the trial court addressed each of the custody factors in its custody opinion and order, as required by Section 5328(a). **See** Trial Court Opinion and Order, 12/28/2022. In discussing each factor, the trial court explicitly decided whether that factor weighed in favor of either party or both parties

_____

[1] In her contempt petition filed on January 26, 2022, Mother conceded that at the January 12, 2022 hearing, she had agreed, along with Father, to move to a day on/day off schedule so that Mother and Children could participate in counseling together. **See** Contempt Petition, 1/26/2022, at 2. Due to our disposition on this issue, we need not consider the effect of Mother's apparent consent to the temporary change.

and explained its reasoning for reaching that conclusion. *See id*. It is clear that while the trial court found many of the section 5328(a) factors to balance equally between Parents, the trial court found that numerous factors favored Father.

Mother argues the trial court abused its discretion in awarding primary physical custody to Father by misapplying the custody factors outlined in 23 Pa.C.S.A. § 5328(a). Specifically, Mother argues custody factors 1, 3, 7, 8, 9, 10 and 13 were not adequately supported by the record. Mother disputes the trial court's findings and determinations regarding those factors. The essence of her argument, however, can be distilled down to a challenge to the credibility and weight of the evidence, as well as the weight attributed to certain factors.

Mother essentially asks this Court to re-find facts, re-weigh evidence, and/or re-assess credibility to her view of the evidence, which we cannot do. *See D.R.L. v. K.L.C.*, 216 A.3d 276, 286 (Pa. Super. 2019) (stating it is not this Court's role to re-find facts, re-weigh evidence, and re-assess credibility). While Mother believes certain factors should have weighed in her favor, she seems to misinterpret the function of the Section 5328(a) factors.

The custody factor analysis is not a scorecard, where the parent who checks off the most factors wins custody. So long as the court considers all of the factors, giving weighted consideration to those factors affecting the child's safety, *see* 23 Pa.C.S.A. § 5328(a), how the trial court balances the factors is

within its discretion, depending on the particular facts of the case. Importantly, while the trial court acknowledged Mother primarily provided for Childrens' daily needs for a majority of their life, it also emphasized that at the current time, the Children would benefit from more custodial time with Father.

We find no merit to Mother's contention that the trial court misapplied the factors enumerated in Section 5328(a). Rather, the court considered all of the testimony, including determining the credibility of the witnesses and assessing the weight of their testimony, and considered the custody factors as outlined in Section 5328(a). After weighing those statutory factors, the court arrived at a custody order that it determined, in its discretion, to be in the best interests of Children. The trial court's findings and determinations are supported by competent record evidence, and we will not disturb them.

In her final issue, Mother challenges the admission of the G.A.L.'s report and testimony. Mother argues it was error for the court to admit the report into evidence and allow the G.A.L. to testify about the report when the G.A.L. failed to comply with the procedural aspects of Pa.R.C.P.1915.11-2(c).

Pursuant to Rule 1915.11–2(c), the guardian *ad litem* is required to file and serve their report more than twenty days before the date set for the custody trial. Mother contends this failure "violated [Mother's] fundamental right of due process[.]" Appellant's Brief at 36. Here, it is undisputed that the G.A.L. failed to file the report and recommendation until the second day of

trial. While the proper procedure was clearly not followed here, we cannot conclude that it was reversible error to allow the G.A.L. to testify.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." **S.T. v. R.W.**, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citation omitted). The fundamental components of due process are "[f]ormal notice and an opportunity to be heard[.]" **Id.** at 1161 (citation and emphasis omitted). "[P]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." **Id.** (citation omitted). "Due process is flexible and calls for such procedural protections as the situation demands." **Id.** (citation omitted).

Initially, we note there is no indication in the record that the trial court assigned any weight to the report or recommendation. At the end of the trial, the court noted it would review the testimony presented, and the report and recommendations of the G.A.L.. **See** N.T., 12/12/2022, at 55. After double-checking whether or not the report was entered into the record, Mother's counsel acquiesced to the court reading the report. **See id**. The trial court clarified it would give the report the weight it deemed appropriate under the circumstances. **See id**. at 56. The court then took the matter under advisement, and issued its opinion in which the court properly analyzed the

enumerated best-interest factors, without mentioning the G.A.L. or her report, and its findings in favor of Father were consistent.

Further, Mother has not developed any argument that she was prejudiced by this error. Mother was permitted to, and did, cross-examine the G.A.L. regarding her testimony and statements that had been taken from the report. *See* N.T., 12/12/2022, at 24-30. Mother was also able to respond to the G.A.L.'s testimony during her own testimony. *See id*. at 41. Mother explained her disagreement with certain elements of the G.A.L.'s testimony and report. *See id*. at 41-42. However, Mother does not explain what she would have done differently had the G.A.L. complied with Rule 1915.11-2(c). *See* Appellant's Brief at 33-36.

Based on the above, we cannot find it was reversible error for the trial court to allow the G.A.L. to submit and testify about her report. Mother's final issue is without merit.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/02/2023